IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Curtis Jerome Mitchell, ) | C/A No. 0:12-1501-CMC-PJG |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Ms. Cecelia Reynolds, *Warden Kershaw Corr. Ins.*, ) | |
| ) | |
| Respondent. ) | |

Petitioner Curtis Jerome Mitchell ("Mitchell"), a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the respondent's motion for summary judgment. (ECF No. 15.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Mitchell was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No. 16.) Mitchell filed a response in opposition to the respondent's motion. (ECF No. 19.) Having carefully considered the parties' submissions and the record in this case, the court concludes that the respondent's motion for summary judgment should be granted.

BACKGROUND

Mitchell was indicted in April 2004 in York County for armed robbery (04-GS-46-0304). (App. at 238-39, ECF No. 14-3 at 72-73.) Mitchell was represented by Michael Lifsey, Esquire, and on April 20-21, 2004 was tried before a jury and found guilty as charged. (App. at 155, ECF No. 14-2 at 83.) The circuit court sentenced Mitchell to twenty years' imprisonment. (App. at 161, ECF No. 14-2 at 89.)

Mitchell timely appealed and was represented by Eleanor Duffy Cleary, Esquire, Assistant Appellate Defender, who filed a final brief on Mitchell's behalf that raised the following issues:

> I.  Did the trial judge err by refusing to direct a verdict of acquittal on the charge of armed robbery where the evidence showed that appellant did not take the tobacco from the person of another or in his presence by violence or by putting such person in fear?
>
> II. Did the trial judge err in instructing the jury that a robber need not be armed at all times during the robbery in order to be guilty of armed robbery and that if one arms himself at any time during the progress of the taking that would suffice to support an armed robbery conviction and that robbery continues during an attempt to escape, where the law did not apply to the facts of the case?

(Supp. App. at 4, ECF No. 14-4 at 6.) On December 11, 2006, the South Carolina Court of Appeals issued an order affirming the trial court's decision. (State v. Mitchell, Op. No. 06-UP-403 (S.C. Ct. App. Dec. 11, 2006); Supp. App. at 33-35, ECF No. 14-4 at 35-37.) Mitchell filed a petition for rehearing dated February 5, 2007. (Supp. App. at 36-38, ECF No. 14-4 at 38-40.) The South Carolina Court of Appeals denied Mitchell's petition for rehearing on February 26, 2007. (Supp. App. at 40-41, ECF No. 14-4 at 42-43.)

Mitchell filed a petition for a writ of certiorari dated May 29, 2007 in which he presented the following issue:

> Whether a person who arms himself after committing larceny, as opposed to strong-arm robbery, is guilty of armed robbery if he arms himself after completing the larceny?

(Supp. App. at 44, ECF No. 14-4 at 46.) By order filed October 31, 2007, the South Carolina Supreme Court granted Mitchell's petition for a writ of certiorari. (Supp. App. at 65, ECF No. 14-5 at 7.) As directed in the court's order, both parties briefed the issue. (Supp. App. at 66-97, ECF No. 14-5 at 8-39.) In an order dated March 30, 2009, the South Carolina Supreme Court affirmed the decision of the South Carolina Court of Appeals. See State v. Mitchell, 675 S.E.2d 435 (S.C. 2009);

(Supp. App. 98-103, ECF No. 14-5 at 40-45.) The remittitur was issued April 15, 2009. (ECF No. 14-6.)

Mitchell filed a *pro se* application for post-conviction relief ("PCR") on June 24, 2009[1] in which he raised the following grounds for relief:

1. Ineffective assistance of counsel;

2. Insufficiency of indictments; and

3. Subject matter jurisdiction/(or) time reduction.

(Mitchell v. State of South Carolina, C/A No. 09-CP-46-2761; App. at 163-69, ECF No. 14-2 at 91 through ECF No. 14-3 at 3.) The State filed a return. (App. at 171-77, ECF No. 14-3 at 5-11.) On January 31, 2011, the PCR court held an evidentiary hearing at which Mitchell appeared and testified and was represented by Leah B. Moody, Esquire. (App. at 182-227, ECF No. 14-3 at 16-61.) By order dated April 27, 2011, the PCR court denied and dismissed with prejudice Mitchell's PCR application. (App. at 229-37, ECF No. 14-3 at 63-71.)

In his PCR appeal, Mitchell was represented by Wanda H. Carter, Esquire, Appellate Defender for the South Carolina Commission on Indigent Defense, who filed a Johnson[2] petition for a writ of certiorari on Mitchell's behalf on October 28, 2011 that presented the following issue:

---

[1] During the pendency of his direct appeal, Mitchell filed a PCR application on February 13, 2007. This application was dismissed without prejudice pursuant to an order of dismissal issued December 27, 2007 based upon the pending direct appeal and S.C. Code Ann. § 17-27-20(b). (See ECF No. 14-7 & ECF No. 14-9.)

[2] Johnson v. State, 364 S.E.2d 201 (S.C. 1988) (applying the factors in Anders v. California, 386 U.S. 738 (1967) to post-conviction appeals). Anders requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. Anders, 386 U.S. at 744.



> Trial counsel erred in failing to object to the amendment of the armed robbery indictment to reflect that the stolen property was taken from "Bi-LO LLC" rather than Bi-Lo Inc.," because this changed the nature of the offense to reflect larceny by force of a person, i.e., the person being an employee of an existing corporate entity, which in turn validated the armed robbery charge, as the original indictment was defective to the extent that it named a non-corporate entity instead.

(ECF No. 14-10 at 3.) Mitchell filed a *pro se* response to the Johnson petition in which he alleged the following issue:

> Trial court lacked subject matter jurisdiction over original February 19th term 2004 Armed Robbery Charge, CA No.: 2004-GS-46-0304, where indictment fail[ed] to allege that "personal property were taken from the person of another or in his presence by violence or intimidation."

(ECF No. 14-11.) The South Carolina Supreme Court denied Mitchell's petition for a writ of certiorari by order dated March 9, 2012. (ECF No. 14-12.) The remittitur was issued on March 27, 2012. (ECF No. 14-13.)

## FEDERAL HABEAS ISSUES

Having exhausted his state remedies, Mitchell asserts the following issues in the instant petition for a writ of habeas corpus:

> **Ground One:** Trial judge err[ed] by refusing to direct a verdict of acquittal on the charge of armed robbery.
>
> **Supporting Facts:** A store surveillance camera captured the confrontation on videotape. The video shows that petitioner did not take goods from the person of another or in the person[']s presence by means of force or intimidation. After the State rested its case, petitioner moved for a direct verdict. The trial judge erred by ruling that one can be guilty of armed robbery if he arms himself at any time during the larceny.
>
> **Ground Two:** Trial judge err[ed] by instructing the jury on erroneous jury charge.
>
> **Supporting Facts:** As discussed in Ground One[], the only evidence presented in this case showed that petitioner was not a robber, but a larcenist. The facts of the

>Keith case were inopposite to this case. By charging the jury in this manner, the judge confused the jury and led them to erroneously believe that the law required they find appellant guilty of armed robbery if they found he armed himself at any time.

(Pet., ECF No. 1) (record citations omitted).

## DISCUSSION

**A.      Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex



Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Habeas Corpus Standard of Review**

In accordance with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also Harrington v. Richter, 131 S. Ct. 770, 785 (2011); Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington, 131 S. Ct. at 786 (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). Under the AEDPA,



a state court's decision "must be granted a deference and latitude that are not in operation" when the case is being considered on direct review. Id. at 785. Moreover, review of a state court decision under the AEDPA standard does not require an opinion from the state court explaining its reasoning. See id. at 784 (finding that "[t]here is no text in [§ 2254] requiring a statement of reasons" by the state court). If no explanation accompanies the state court's decision, a federal habeas petitioner must show that there was no reasonable basis for the state court to deny relief. Id. Pursuant to § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court. Id. at 786. "If this standard is difficult to meet, that is because it was meant to be." Id. Section 2254(d) codifies the view that habeas corpus is a " 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Id. (quoting Jackson v. Virginia, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).

**C.     Respondent's Motion for Summary Judgment**

Mitchell argues that the trial court erred in denying his motion for a directed verdict and in "ruling that one can be guilty of armed robbery if he arms himself at any time during the larceny." (Pet., ECF No. 1 at 5.) Mitchell further argues that the trial court erred in instructing the jury on this law.

Claims of sufficiency of evidence are cognizable on collateral review. However, "a federal court's review of such claims is 'sharply limited.' " Wilson v. Greene, 155 F.3d 396, 405 (4th Cir. 1998) (quoting Wright v. West, 505 U.S. 277, 296 (1992)). "Federal review of the sufficiency of the evidence to support a state conviction is not meant to consider anew the jury's guilt



determination or to replace the state's system of direct appellate review." Wilson, 155 F.3d at 405-406 (citing Wright, 505 U .S. at 292).

When reviewing the sufficiency of the evidence to support a conviction, the critical inquiry is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original); see also McDaniel v. Brown, 130 S. Ct. 665, 673 (2010) (*per curiam*) ("Jackson requires a reviewing court to review the evidence 'in the light most favorable to the prosecution.' ") (quoting Jackson, 443 U.S. at 319). Where there are conflicting inferences, the reviewing court must presume " 'that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.' " McDaniel, 130 S. Ct. at 673 (quoting Jackson, 443 U.S. at 326). In evaluating a Jackson sufficiency of the evidence claim in a federal habeas petition, the relevant inquiry is "whether a state court determination that the evidence was sufficient to support a conviction was an objectively unreasonable application of [the standard enunciated in] Jackson." Williams v. Ozmint, 494 F.3d 478, 489 (4th Cir. 2007) (internal quotations and citations omitted) (alterations in original); see also Coleman v. Johnson, 132 S. Ct. 2060, 2062 (2012) (*per curiam*); McDaniel, 130 S. Ct. at 673-74 (evaluating a Jackson claim in accordance with the standard of review set forth in § 2254(d)(1)).

In affirming the trial court's denial of Mitchell's motion for a directed verdict, the South Carolina Supreme Court ("Mitchell Court") summarized the facts presented at trial as follows:

> On December 30, 2003, Petitioner Curtis Jerome Mitchell entered a Bi–Lo grocery store in Rock Hill. A store employee observed Petitioner pick up two twelve-pack cases of chewing tobacco and proceed past the point of sale towards the exit without paying. The employee approached Petitioner as he reached the exit door and asked him to return the chewing tobacco. Petitioner presented a pocket knife and told the employee, "Go ahead, mother f* * * *r, try something. I'll kill you." Petitioner then walked out the exit door with the chewing tobacco.



State v. Mitchell, 675 S.E.2d 435, 436-37 (S.C. 2009).  The Mitchell Court observed that " trial counsel moved for directed verdict on the grounds that Petitioner completed the crime of larceny before using force or intimidation, and therefore did not commit an armed robbery." Id.  Further, the Mitchell Court stated that the trial court denied this motion, ruling pursuant to State v. Keith, 325 S.E.2d 325 (S.C. 1985), that "a person may be convicted of armed robbery if he arms himself at any time during commission of the larceny, and instructed the jury accordingly." Id.

The Mitchell Court observed that South Carolina law defines "robbery" as "the felonious or unlawful taking of money, goods, or other personal property of any value from the person of another or in his presence by violence or by putting such person in fear." State v. Parker, 571 S.E.2d 288, 289 (S.C. 2002).  Further, the South Carolina Code defines "armed robbery" as robbery while armed with a deadly weapon or alleging to be armed "while using a representation of a deadly weapon or any object which a person present during the commission of the robbery reasonably believed to be a deadly weapon." S.C. Code Ann. § 16-11-330(A).  The Mitchell Court summarized the distinction between armed robbery, robbery, and larceny by stating that "it is the use or alleged use of a deadly weapon that distinguishes armed robbery from robbery, and the employment of force or threat of force that differentiates a robbery from a larceny." Mitchell, 675 S.E.2d at 437 (internal quotation marks and citation omitted).  Therefore, the Mitchell Court determined that the central issue concerned determining "at what point asportation becomes final so that a larceny may not become a robbery." Id.

The Mitchell Court held that "Keith's enduring legacy," the "continuous offense theory," precluded Mitchell's arguments.  Specifically, the Mitchell Court observed that this theory is articulated thoroughly in State v. Moore, 649 S.E.2d 84, 89 (S.C. Ct. App. 2007), a case involving facts almost identical to those in Mitchell's case.  In Moore, a security guard followed Defendant



Moore out of the store after Moore had taken a package of over-the-counter medication from a display shelf. The security guard stopped Moore on the sidewalk just outside of the door. Moore then brandished a handgun and the security guard returned to the store. The trial court denied Moore's motion for a directed verdict on the charge of armed robbery, which was based on the argument that "the asportation of the property occurred before the confrontation and no force or threat of force was used to take the merchandise." Mitchell, 675 S.E.2d at 438. The Mitchell Court observed that the South Carolina Court of Appeals affirmed the denial of Moore's motion, holding that "[i]n the context of robbery, the continuous offense theory provides that the crime has occurred not only if the perpetrator uses force or intimidation to 'take' possession of the property, but also if force or intimidation is used to retain possession immediately after the taking, or to carry away the property, or to facilitate escape." Moore, 649 S.E.2d at 89 (internal quotation marks and citations omitted). Moreover, "the theory supports the proposition that 'a 'taking' is not complete—that is to say, has not come to an end—until the perpetrator has neutralized any immediate interference with his or her possession.' " Mitchell, 675 S.E.2d at 438 (quoting Moore, 649 S.E.2d at 90).

Applying this theory and the above discussed law, which the Mitchell Court found was "in keeping with the majority of states and legal authorities," the Mitchell Court held that "[i]t is clear that [Mitchell] did not complete the asportation of the chewing tobacco until after he employed the threat of force to secure his escape and retain possession of the goods." Mitchell, 675 S.E.2d at 438.

In his Petition and in response to the respondent's motion for summary judgment, Mitchell essentially reargues his position to this court, *i.e.* that he did not use force or fear to effectuate the taking or asportation. The crux of Mitchell's arguments appears to challenge the state court's determination as to what constitutes "armed robbery" under South Carolina state law. Such a

challenge fails to present a cognizable federal habeas corpus claim.[3]  "[I]t is not the province of a federal habeas corpus court to re-examine state-court determinations of state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).  Moreover, Mitchell has failed to demonstrate that the state Supreme Court's decision was so fundamentally unfair that it resulted in a denial of due process.  See 28 U.S.C. § 2254(a) (stating that a writ of habeas corpus is available for a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States").

To the extent that Mitchell is challenging the state court's determination of the facts, upon review of the record the court finds that there is no support for any argument that the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(2).  Furthermore, viewing the evidence in the light most favorable to the prosecution and resolving any conflicting inferences in favor of the prosecution, the court concludes that Mitchell cannot demonstrate that there was insufficient evidence at trial from which any rational trier of fact could have found that Mitchell was guilty of armed robbery as defined under state law beyond a reasonable doubt.  See Jackson, 443 U.S. at 319; see also McDaniel, 130 S. Ct. at 673-74; S.C. Code Ann. § 16-11-330(A); Moore, 649 S.E.2d at 89-90.  Therefore, Mitchell cannot demonstrate that the state appellate court's determination that the trial court did not err in denying Mitchell's motion for a directed verdict was an "objectively

---

[3] To the extent that Mitchell is arguing that the jury charge violated his right to due process, he has failed to demonstrate, or even allege, that the jury charge "was ambiguous and that there was a reasonable likelihood that the jury applied the instruction in a way that relieved the State of its burden of proving every element of the crime beyond a reasonable doubt." Waddington v. Sarausad, 555 U.S. 179, 190-91 (2009) (quotations omitted).



unreasonable application of [the standard enunciated in] Jackson." Williams, 494 F.3d at 489; see also 28 U.S.C. § 2254(d)(1). Accordingly, Mitchell is not entitled to habeas relief.

## RECOMMENDATION

For the foregoing reasons, the court recommends that the respondent's motion for summary judgment (ECF No. 15) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

April 9, 2013
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).